Vidal Vélez, demandante y apelado, *v.* Dr. Francisco Bonelli, demandado y apelante.

No. 6199.—*Sometido:* Diciembre 1, 1933. *Resuelto:* Enero 12, 1934.

*R. Cintrón Lastra,* abogado del apelante; *R. Martínez Nadal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El Dr. Francisco Bonelli ejecutó una hipoteca sobre una finca destinada a lechería, propiedad de Vidal Vélez, y posteriormente tomó posesión de la misma como adjudicatario en la venta en pública subasta. Herminia Rodríguez, arrendataria de Vélez, continuó en posesión material de la finca. Unos dos meses después Vélez se llevó de la propiedad un motor eléctrico. Fué acusado del delito de hurto y absuelto. Bonelli apela ahora de una sentencia adversa en una acción de daños y perjuicios y sostiene que la corte de distrito cometió error al resolver que el motor no formaba parte de la finca hipotecada y que por ende no estaba sujeto al gravamen hipotecario. La prueba del demandado, de creer el juez sentenciador que era cierta, hubiese sostenido una resolución contraria, mas la sentencia de que se queja el apelante está ampliamente sostenida por la prueba del demandante y no estamos dispuestos a alterar el resultado.

El segundo señalamiento es que la corte de distrito cometió error al resolver que si el Dr. Bonelli era dueño del motor pudo haber establecido ese hecho mediante acción civil. Se arguye que el doctor no estaba obligado a acudir a una acción civil y que a Vélez le asistía igualmente un remedio similar. Ambos puntos pueden admitirse libremente. Subsiste el hecho de que una acusación criminal no era el único remedio de que se disponía, y si la corte de distrito cometió error al referirse al mismo, tal error no fué perjudicial.

El tercer señalamiento es que la corte de distrito cometió error al llegar a su conclusión respecto a la no existencia de causa probable, basada en el hecho de que el motor no formaba parte de la finca hipotecada. El argumento asume la certeza de la prueba del demandado ante la conclusión de que se queja en el primer señalamiento, y lo que ya hemos dicho al discutir dicho señalamiento resuelve esta cuestión.

La cuarta contención del apelante es que la corte de distrito cometió error al resolver que el consejo legal en que se basó el demandado no le amparaba ante las circunstancias del presente caso. La razón dada para llegar a esta conclusión fué que el demandado, de haber recibido en realidad algún consejo legal, no había expuesto ampliamente y con veracidad todos los hechos a los letrados que le dieron tal consejo. Uno de los letrados, que viajaba de San Juan a Humacao, se había detenido en Caguas a comer. Mientras este letrado se hallaba sentado a la mesa en un restaurante, el Dr. Bonelli entró y se entabló una conversación. Bonelli dijo que había ejecutado una hipoteca y que le había sido adjudicada la finca objeto de la misma; que un motor eléctrico utilizado para cortar yerba había sido removido de un pesebre y que debido a cierta cláusula de la hipoteca y a otras razones él creía ser dueño de dicho motor. No dejó entrever que existía controversia o diferencia alguna de criterio entre él y el anterior dueño de la finca hipotecada. Aparentemente ni siquiera mencionó el hecho de que la persona que se había llevado el motor había sido el dueño de la finca hipotecada. Tampoco mostró copia de la escritura de hipoteca. Evidentemente, asumiendo que sea correcta la teoría de Bonelli de que el motor estaba incluído en la hipoteca como parte de la finca gravada y por consiguiente que él, como adquirente en la subasta, se había convertido en dueño del mismo, el letrado, que a la sazón era fiscal de distrito, le manifestó que la remoción del motor constituía un hurto. Otro abogado que ocupó igualmente la silla testifical en pro del demandado admitió francamente durante la repregunta que si Bonelli le hubiese revelado la situación descrita por ciertos testigos del demandante y aceptada por el juez sentenciador como la verdadera situación existente, su opinión, que se había basado en la manifestación que realmente le hizo Bonelli, hubiese sido enteramente distinta. Un tercer letrado declaró que había hecho una inspección ocular de la finca unos días antes de que se llevaran el motor. Declaró que el motor estaba entonces ad-

herido a una tabla o plataforma por medio de clavos que atravesaban ésta y que habían sido doblados sobre la base del motor; que la tabla o plataforma estaba adherida por medio de pernos al concreto del pesebre; que le preguntó al Dr. Bonelli si el motor estaba allí a la fecha en que la hipoteca fué constituída; y que el Dr. Bonelli le contestó afirmativamente. El consejo dado por este letrado se basó en la situación por él descrita, complementada por la información suministrádale por Bonelli. Lo que este testigo describe como que fué visto por él no coincide con la prueba del demandante y es contrario a la conclusión a que llegó el juez de distrito fundándose en dicha prueba. El consejo dádole por este letrado, basado en un supuesto estado de hechos que el juez de distrito halló que no existía y que (de ser correcta la conclusión de la corte) Bonelli sabía nunca había existido, no constituía defensa alguna. Este testigo también declaró sobre otra visita hecha en agosto 5, o sea, al día siguiente en que fué trasladado el motor, la cual fué seguida por una entrevista en la noche del mismo día con el jefe local de la policía y por la radicación de una denuncia fechada agosto 5. De ser cierta esta declaración, hubo poco tiempo u oportunidad para consultar con los otros letrados; y el demandado no podría escudarse en el consejo de los otros dos abogados, si éste le había sido dado después de la radicación de la denuncia.

Los otros señalamientos, tal cual han sido desarrollados en el alegato del apelante, no exigen seria consideración, o, por razones obvias, no necesitan ser discutidos separadamente.

*La sentencia apelada debe ser confirmada.*